COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


KENDELL LEON COWARD
                                                    OPINION BY
v.      Record No. 1743-05-2                 JUDGE WILLIAM G. PETTY
                                                  AUGUST 22, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

Ryan T. McDougle for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial judge convicted appellant, Kendell L. Coward, of possession of cocaine in

violation of Code § 18.2-250.  On appeal, Coward contends that the evidence adduced at trial

was insufficient to prove beyond a reasonable doubt that he knowingly and intentionally

possessed cocaine.  For the reasons stated below, we agree and reverse the judgment of the trial

court.

I.  BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So viewed, the evidence

establishes the following:

Around 3:25 the morning of April 24, 2004, Officer T.B. Badcock stopped a 1997 Toyota

because its rear license plate was not illuminated.  Tyreace White was driving the car, and

Coward was in the front passenger seat.[1] As Officer Badcock approached the car, he directed the high beams and the spotlight on his police car toward the Toyota. He also used his flashlight to illuminate the interior of the car. When the officer arrived at the driver's side window, he made a "quick scan" of the vehicle for weapons and noticed a "hard white substance inside a . . . clear plastic baggie" sitting on the console in between the driver's and passenger's seats. He believed the substance was crack cocaine based on his "training and experience" as a police officer. The Division of Forensic Science subsequently analyzed the substance and determined it to be 0.991 gram of crack cocaine.

Officer Badcock testified that neither White nor Coward made any suspicious movements or tried to hide the cocaine as he approached the car. The officer then directed White and Coward to step out of the vehicle, and interviewed them separately. White told the officer that the car belonged to his mother and that he had been using the car all evening. White stated no one else had driven or been inside the vehicle. The officer did not testify as to any statements made by Coward.

## II. ANALYSIS

### A. Standard of Review

When considering the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the

---

[1] White was tried jointly with Coward and found guilty of possession of cocaine. White petitioned for an appeal of his conviction to this Court, Record No. 0327-06-2; his petition was denied.

- 2 -

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

## B. Constructive Possession

To support a conviction based upon constructive possession, the Commonwealth "'must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Possession does not have to be exclusive. Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). While proximity to a controlled substance is a factor that may be considered in determining whether an accused possessed drugs, it is insufficient alone to establish possession. Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 87 (1989). Furthermore, Code § 18.2-250(A) provides, "Upon the prosecution of a person for a violation of this section, ownership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."

## C. Discussion

While we are mindful of the standard of review in this case, we must reverse Coward's conviction for possession of cocaine.

In her ruling, the trial judge premised her finding of possession on Coward's occupancy of the car and his resulting proximity to the drugs:

> Proximity to the drugs is insufficient to establish possession, but occupancy of the car is a factor that can be considered. And I think the inference [that] would have to be drawn is that the location of the driver and the fact that they were the only ones there and [the driver] said he had had the car all evening is sufficient to support the knowledge element of the offense.

Indeed, this is the only fact established in this case that could raise an inference of Coward's knowledge of the cocaine.

Coward's occupancy of the car and his resulting proximity to the drugs under the facts of this case are insufficient by themselves to support the conviction. While "occupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered *together with other evidence* tending to prove that the occupant . . . exercised dominion and control over items in the vehicle" it is "insufficient to prove knowing possession of drugs." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (emphasis added); see also Code § 18.2-250 (stating that occupancy in a vehicle in which a controlled substance is found does not give rise to a presumption of knowing or intentional possession). Rather, as in any other constructive possession case, the occupant of an automobile "must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such . . . occupancy." Burchette, 15 Va. App. at 435, 425 S.E.2d at 84.

This case is similar to our decision in Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994). There, a police officer, acting on a citizen complaint that occupants of a parked automobile were smoking crack cocaine, approached the parked automobile in which Jones was a passenger. Id. at 573, 439 S.E.2d at 863. The officer observed a small tray containing, among other objects, five small rocks of crack cocaine situated between the driver's and passenger's seats. Id. The officer also found a soda can that had been altered to be used for smoking crack cocaine underneath the passenger seat of the automobile. Id. at 573, 439 S.E.2d at 864.

We reversed Jones' conviction of possession of cocaine on those facts since the Commonwealth did not establish facts tending to show or allowing the trial court to reasonably infer that Jones was aware of the presence and character of the cocaine. Id. at 574, 439 S.E.2d at 864. Specifically, the Commonwealth did not show the length of time Jones had been in the automobile; that Jones had been the person in the automobile referred to in the citizen report; that Jones saw the small pieces of cocaine on the tray; that Jones recognized the substance as cocaine; or that he knew about the converted soda can underneath the passenger seat. Id.

The Commonwealth relies on Brown v. Commonwealth, 5 Va. App. 489, 364 S.E.2d 773 (1988), arguing that this Court found the fact that Brown was "within arm's reach" of the drugs was dispositive. While Brown's proximity to the cocaine was a factor in that case, this Court relied on other circumstances as well. Id. at 491, 364 S.E.2d at 774. Importantly, Brown admitted prior cocaine use at trial, thus establishing that he was familiar with the appearance of cocaine. Id. at 492, 364 S.E.2d at 774. Based on his admission and the fact that police found two pounds of cocaine, a mirror with cocaine on it, and drug paraphernalia on the bed next to where the defendant was sitting, this Court found the trial court could infer that Brown was aware of the presence and the character of the cocaine. None of these facts are present in this case.

Here, as in Jones, the Commonwealth did not meet its burden of proof beyond a reasonable doubt. While the Commonwealth did establish the fact of Coward's occupancy of the car and proximity to the cocaine, it did not establish any other facts or circumstances necessary to draw the legal conclusion that Coward was aware of the presence and character of the cocaine. Coward did not attempt to hide the baggie containing the cocaine as the officer approached the car nor did he exhibit any other signs of guilty knowledge. There was no evidence regarding how long Coward had been in the car. And significantly, while Officer Badcock was able to see

- 5 -

the baggie with illumination from his high beam headlights, spotlight, and flashlight, there was no evidence that the baggie would have been visible in the darkness of the passenger compartment without such additional lighting.

## III.  CONCLUSION

The evidence that was adduced at trial does not establish that Coward had knowledge of the presence or the character of the substance situated on the console.  The evidence here proves mere proximity to a controlled substance and nothing more.  Thus, we reverse the judgment of the trial court.

<u>Reversed.</u>