COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Kelsey and Beales
Argued at Richmond, Virginia


RONNELL DEON GLASGOW

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2223-07-2                      JUDGE RANDOLPH A. BEALES
                                                          DECEMBER 9, 2008

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF HENRICO COUNTY
                           Catherine C. Hammond, Judge

          Steven D. Goodwin (Goodwin, Sutton & DuVal, P.L.C., on brief),
          for appellant.

          Karen Misbach, Assistant Attorney General II (Robert F. McDonnell,
          Attorney General, on brief), for appellee.


        The trial judge convicted Ronnell Deon Glasgow (appellant) of possession of a firearm

by a non-violent felon, in violation of Code § 18.2-308.2.[1]  On appeal, appellant contends that

the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he

knowingly and intentionally possessed a firearm.  For the reasons stated below, we reject

appellant's contention and affirm the judgment of the trial court.

                                    I. BACKGROUND

        During the daylight hours of January 20, 2007, Henrico County Police Officer T.P. Berry

observed a green, four-door Ford Taurus with its right front headlight broken.  Berry stopped the

car and noticed four people in the car – two in the front seat, two in the back seat – as he

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also pled guilty at trial to two counts of forgery of a public record.  Those
convictions are not before us on appeal.

approached. Berry "scan[ned] the interior of the car, dashboard, floorboards and . . . laps" of the occupants. He did not observe anything alarming. Berry showed the driver the broken headlight, entered the driver's information in the computer inside his police cruiser, and walked to the Taurus to return the driver's identification. Berry then observed the right rear passenger – later identified as appellant – look over his shoulder at Berry. The two made eye contact. Berry decided to scan the car a second time and saw "the frame of a handgun" partially covered by a white tee-shirt. After the occupants were removed from the vehicle, appellant was escorted to a police cruiser and initially identified himself as "Wallace" before fingerprint analysis revealed his true identity.

DNA analysis was performed on the firearm, and a buccal swab was taken from appellant but not from the three other occupants of the Taurus. The forensics examiner concluded that "probably more than three or more people" handled the gun and that appellant "could not be eliminated as a contributor to the mixture profile that was present on the gun." Based on the examiner's statistical model, "one person in 14,000 in the Caucasian population," "[o]ne person in 3400 in the black population," and "one person in 38,000 in the Hispanic population" could have contributed to the DNA mixture profile the forensics examiner detected on the firearm.

Appellant's motion to strike at the conclusion of the Commonwealth's evidence was summarily denied. Appellant presented no evidence and renewed his motion to strike, arguing the Commonwealth's case was based on appellant's mere proximity to the firearm and the DNA evidence was a "red herring" because it "c[ould] not exclude up to millions of people."

The trial court denied appellant's renewed motion to strike and found appellant guilty, finding "the handgun was right beside him on the seat of the car, it was visible and the Defendant had to know it was there if his eyes were open." Furthermore, the trial court found that the DNA

evidence rendered the likelihood that appellant did not hold the handgun to be "very slight if not negligible."

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

It is unlawful for any person who has been convicted of a felony to possess knowingly and intentionally any firearm. See Code § 18.2-308.2.

> A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006); Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998). To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Rawls, 272 Va. at 349, 634 S.E.2d at 705; accord Walton, 255 Va. at 426, 497 S.E.2d at 872;

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986); Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984); Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975). While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm. Rawls, 272 Va. at 350, 634 S.E.2d at 705; Walton, 255 Va. at 426, 497 S.E.2d at 872; Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586, cert. denied, 129 S. Ct. 284 (2008).

Appellant contends that Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006), a constructive drug possession case, compels reversal. There, the officer stopped a vehicle at 3:25 a.m. after noticing the vehicle's rear license plate was not illuminated. White was the driver, and Coward was the front seat passenger. The officer positioned his high beams and spotlight on the car and used his flashlight to illuminate the interior. He did a quick scan for weapons and noticed on the console between the driver and passenger seats a clear baggie containing what was later determined to be crack cocaine. The officer testified that neither White nor Coward made any suspicious movements or tried to hide the cocaine as he approached the car. White informed the officer that it was his mother's car and no one else had driven or been inside the car all night. Id. at 656, 633 S.E.2d at 753.

In reversing Coward's drug possession conviction, we found that his occupancy in the vehicle was the *only* fact that could create an inference of his knowledge of the cocaine. Id. at 658-60, 633 S.E.2d at 754-55. We noted that the case was similar to Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994) (reversing a cocaine possession conviction on the basis that Jones's occupancy in the car and proximity to the contraband alone proved insufficient to establish constructive possession), and distinguished Coward's case from Brown v.

- 4 -

Commonwealth, 5 Va. App. 489, 364 S.E.2d 773 (1988), where factors other than Brown's proximity to the contraband were established. Coward, 48 Va. App. at 659, 633 S.E.2d at 754. Furthermore, we found it significant that, while the officer in Coward "was able to see the baggie with illumination from his high beam headlights, spotlight, and flashlight, there was no evidence that the baggie would have been visible in the darkness of the passenger compartment without such additional lighting." Id. at 660, 633 S.E.2d at 755.

As in Coward, we are "mindful of the standard of review in this case," see id. at 657, 633 S.E.2d at 753, and a rational factfinder could have determined that credible evidence supported appellant's conviction here. The evidence in this case, unlike in Coward, established significantly more than appellant's occupancy in the vehicle and mere proximity to the firearm.

First, by glancing over his shoulder at Officer Berry and making eye contact with him, appellant engaged in behavior that the trained officer found suspicious. Although such behavior, viewed in isolation, is not necessarily indicative of criminal behavior, see Taylor v. Commonwealth, 6 Va. App. 384, 389, 369 S.E.2d 423, 425 (1988) (holding that merely nervous behavior was insufficient to establish reasonable, articulable suspicion under the Fourth Amendment), "it is our duty to look to that evidence which tends to support the verdict" when the sufficiency of the evidence is challenged on appeal, Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961); cf. Coward, 48 Va. App. at 660, 633 S.E.2d at 754 (noting Coward exhibited no signs of guilty knowledge). Appellant's suspicious behavior, which caused the trained officer to make his second scan of the vehicle's interior, was evidence that supported the verdict. Second, appellant's initial assumption of a false name pointed to his consciousness of guilt. See Palmer v. Commonwealth, 14 Va. App. 346, 348-49, 416 S.E.2d 52, 53 (1992) ("It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, *assumption of a false name*, and related conduct are

admissible as evidence of consciousness of guilt, and thus of guilt itself." (emphasis added)). Third, when Officer Berry performed an additional scan of the interior of the vehicle after appellant's behavior aroused his suspicions, the firearm was readily observable in plain view. Unlike in Coward, no artificial illumination was required in order to see the firearm, because the traffic stop occurred during daylight hours. Fourth, the Commonwealth's DNA evidence was probative of a finding of guilt and proper to consider among the totality of circumstances. See Lovitt v. Commonwealth, 260 Va. 497, 513, 537 S.E.2d 866, 877 (2000) (affirming appellant's conviction under the totality of the circumstances when DNA evidence failed to exclude appellant, among others, as the donor).

These factors are considered in addition to appellant's close proximity to the firearm, given that it was in plain view next to him on the seat, which in itself is a circumstance probative of possession and may be considered as another factor in determining whether appellant possessed the firearm. See Bolden, 275 Va. at 148, 654 S.E.2d at 586. As the evidence, when viewed in the light most favorable to the Commonwealth, established appellant's constructive possession of the firearm on the basis of more than appellant's proximity to the firearm, we determine that this Court's holding in Coward is inapplicable to this case.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.