COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


ERIC M. CROSS

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 1205-08-1                     JUDGE SAM W. COLEMAN III
                                                        MAY 19, 2009

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

               Patricia P. Nagel, Assistant Appellate Defender II, for appellant.

               Donald E. Jeffrey, III, Senior Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Eric M. Cross appeals his conviction for possession of heroin with the intent to distribute it,

in violation of Code § 18.2-248.  On appeal, he contends the evidence was insufficient to prove he

(1) possessed the heroin and (2) intended to distribute the heroin.  We conclude that the evidence

was insufficient to prove that Cross possessed the heroin.  Therefore, we reverse his conviction and

dismiss the indictment.

                                          Background

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that Officer S.J. Blystone, wearing a vest labeled "Police," was driving an unmarked police car. Blystone saw a vehicle in which Calvin C. Roberts, Jr., was the driver and Cross was the front-seat passenger. When Blystone looked at the vehicle, the pair "were doe-eyed" and appeared to be "very nervous." Cross made "a motion to turn," upon which Roberts, without signaling, moved the vehicle from the center lane to the right lane and turned right. Blystone stopped the vehicle for a traffic infraction.

Roberts consented to a search of his person and the vehicle. After the search of Roberts' person yielded nothing, Blystone ordered Cross out of the vehicle. Cross had been sitting with his hand on top of a woman's t-shirt located "between the center console and [Cross'] seat." Blystone raised the shirt and discovered, three to four inches beneath it, a plastic baggie containing twenty capsules of heroin. The baggie was not visible until Blystone moved the shirt. Blystone also seized from Cross' person a cellular phone and $281 in cash. At trial, the Commonwealth's evidence proved that Cross was unemployed.

Analysis

In reviewing a challenge to the sufficiency of the evidence, we will "'affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 610 (1981) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). The issue upon appellate review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Here, the Commonwealth's proof of possession of the heroin rests upon circumstantial evidence of construction possession.

> Constructive possession may be established when there are "'acts, statements, or conduct of the accused or other facts or

- 2 -

circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew [v. Commonwealth], 230 Va. [471,] 473, 338 S.E.2d [844,] 845 [(1986)] (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  That an accused occupied or owned the premises or vehicle where a controlled substance was found is one circumstance that can be considered along with the other evidence in determining whether the accused constructively possessed the illegal drug.  Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).

Jordan v. Commonwealth, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007).  But see Code

§ 18.2-250 (occupancy in a vehicle in which a controlled substance is found does *not* give rise to

a presumption of knowing or intentional possession).  Moreover, "[w]hen, as here, proof of

constructive possession rests upon circumstantial evidence, 'all necessary circumstances proved

must be consistent with guilt and inconsistent with innocence and exclude every reasonable

hypothesis of innocence.'"  Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502

(2008) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)

(internal quotation marks and citation omitted)).

Here, the Commonwealth relies upon seven factors in arguing that the evidence was

sufficient to prove that Cross constructively possessed the heroin capsules.  These factors are as

follows:

1. Cross was an occupant of the vehicle in which the heroin was found;

2. Cross was nervous and "doe-eyed";

3. Cross directed Roberts to change lanes and make a turn;

4. Cross rested his arm upon the t-shirt;

5. The heroin was located between Cross' seat and the console;

6. Cross possessed a cellular phone; and

7. Cross, although unemployed, possessed $281 in cash.

We conclude that these factors, considered individually or collectively, do not exclude every reasonable hypothesis of innocence. In so holding, we are guided by recent precedents from this Court and the Supreme Court of Virginia.

In Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006), Coward was a front seat passenger in a vehicle stopped by police at night. The police officer illuminated the interior of the car and saw a "'hard white substance inside a . . . clear plastic baggie' sitting on the console in between the driver's and passenger's seats." Id. at 656, 633 S.E.2d at 753. We reversed Coward's conviction for possession of cocaine, holding as follows: "While the Commonwealth did establish the fact of Coward's occupancy of the car and proximity to the cocaine, it did not establish any other facts or circumstances necessary to draw the legal conclusion that Coward was aware of the presence and character of the cocaine." Id. at 659, 633 S.E.2d at 754.[1]

Similarly, in Maxwell, the Supreme Court reversed Maxwell's convictions for possession of cocaine with the intent to distribute and possession of marijuana. There, a police officer confronted Maxwell, who ran to a nearby lumberyard. Subsequently, the police arrested Maxwell, and found $460 in cash on his person. They also discovered the drugs among lumber pallets and plywood stacks. Maxwell, 275 Va. at 440-41, 657 S.E.2d at 501-02. The Court held:

> While the defendant's conduct may have been suspicious,
> no one ever saw him with the drugs, he never made any

---

[1] In its brief, the Commonwealth argues that Cross' reliance on Coward is misplaced and that this Court has recently distinguished Coward in two unpublished opinions. Glasgow v. Commonwealth, Record No. 2223-07-2, 2008 Va. App. LEXIS 529 (Va. Ct. App. Dec. 9, 2008); Burton v. Commonwealth, Record No. 0695-06-3, 2007 Va. App. LEXIS 222 (Va. Ct. App. May 29, 2007). In those cases, we did distinguish Coward, but we took pains to explain why we did so. In Glasgow, we stated that "[t]he evidence in this case, unlike in Coward, established significantly more than appellant's occupancy in the vehicle and proximity to the firearm." Glasgow, 2008 Va. App. LEXIS 529, at *8. In Burton, we held, "By contrast [to Coward], here appellant had been in the car for at least two hours, the drugs were located next to his seat in the car . . . , the appellant was nervous, and the drugs were visible 'plain as day' to anyone who opened the driver's side door." Burton, 2007 Va. App. LEXIS 222, at *14-15.

> incriminating statements concerning the drugs, and the one fingerprint found on the plastic bag containing twelve rocks of crack cocaine was not his but someone else's. All the Commonwealth is really left with, therefore, is evidence that the defendant was seen near the stacks of plywood where the drugs were found. But it was not shown that he was ever in such close proximity as would support a finding that he was aware of both the presence and the character of the drugs and that they were subject to his dominion and control. In any event, while proximity is a factor to be considered along with other evidence, mere proximity is not sufficient to prove possession, see Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982), and the utter lack of any other evidence connecting the defendant to the drugs creates a wide gap in the chain of circumstances that is fatal to the Commonwealth's case.

Id. at 444, 657 S.E.2d at 503.

In this case, we now consider the factors relied upon by the Commonwealth in light of these precedents. Cross' occupancy of the vehicle in which the heroin was found, while a circumstance to be considered along with other evidence, does not give rise to a presumption of knowing and intentional possession. Code § 18.2-250. Although what Blystone interpreted as nervousness and evasive actions on the part of Cross could be considered by the fact finder in determining whether Cross constructively possessed the heroin, see Lane, 223 Va. at 716, 292 S.E.2d at 360, his proximity to contraband, while also a factor to be considered, "is not sufficient to prove possession," Maxwell, 275 Va. at 444, 657 S.E.2d at 503.

The Commonwealth's arguments concerning Cross' possession of the cellular phone and the $281 in cash deserve little consideration. As in Burchette v. Commonwealth, 15 Va. App. 432, 425 S.E.2d 81 (1992), Cross' possession of the cellular phone "did not tie him to the drugs." Id. at 439, 425 S.E.2d at 86. Indeed, a cellular phone is "frequently found in vehicles where the owner or occupant has no relation to drug trafficking." Id. Regarding the cash, we rejected a similar argument in Scruggs v. Commonwealth, 19 Va. App. 58, 62, 448 S.E.2d 663, 665 (1994):

> The Commonwealth also argues that the jury could have inferred from Scruggs's possession of $485 in twenty, ten, and five

- 5 -

dollar bills that Scruggs had recently sold cocaine. The record is devoid of evidence that Scruggs or anyone else had recently sold cocaine or was engaged in a transaction involving the sale of drugs. Even if possession of the cash and the firearm might somehow be relevant to proving an intent to distribute cocaine, circumstantial proof of Scruggs's intent cannot be used to "bootstrap" proof of the predicate fact that he actually or constructively possessed cocaine.

Finally, the Commonwealth contends that Cross, by resting his arm upon the shirt, was deliberately concealing the heroin, thus demonstrating his knowledge of its presence and character. However, the baggie, located three to four inches below the shirt, was not visible to anyone until Blystone removed the shirt. A reasonable hypothesis, which is at least as equally plausible as the Commonwealth's, is that Cross was simply resting his arm on the shirt.

Mindful of the rule that we do not "substitute our judgment for that of the trier of fact," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002), we simply cannot conclude that "'all necessary circumstances proved [are] consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Maxwell, 275 Va. at 442, 657 S.E.2d at 502 (quoting Garland, 225 Va. at 184, 300 S.E.2d at 784). Stripped to its essentials, the Commonwealth's evidence demonstrated that Cross was nervous, told Roberts to make a right turn, and was sitting in a car that contained drugs which were not visible to him or anyone else. In order to uphold this conviction, we would by necessity take a leap unwarranted by the evidence and wholly inconsistent with the reasonable hypotheses that spring from that evidence. Accordingly, we reverse Cross' conviction and dismiss the indictment.

Reversed and dismissed.