COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


DANIEL ELLERY WILLOUGHBY

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0969-11-1                        JUDGE RANDOLPH A. BEALES
                                                    MARCH 13, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                          Randall D. Smith, Judge

            Kimberly E. Karle, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Daniel Ellery Willoughby (appellant) was convicted by the trial court of possession of

cocaine with the intent to distribute, in violation of Code § 18.2-248.  During a traffic stop, the

police observed this cocaine sitting on the back floorboard of a vehicle that appellant was driving.

On appeal, appellant challenges the sufficiency of the evidence proving (1) that he had guilty

knowledge of the cocaine's nature and character and (2) that he intended to distribute the cocaine.

For the following reasons, we affirm.

                                    I.  BACKGROUND

        On the night of January 14, 2010, at approximately 10:25 p.m., Detective Banks observed a

vehicle pull into the parking lot of a Chesapeake apartment complex known for drug transactions.

Appellant, who was the driver of the vehicle, parked the vehicle in a space in front of one of the

apartments.  Marquei Lewis, appellant's passenger, exited the vehicle and walked into the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

breezeway that led to the apartment. No more than five minutes later, Lewis ran back to the vehicle, appellant started the engine, and they drove away. Based on his training, experience, and knowledge of this location, Detective Banks's suspicions were aroused. "I know that drug deals are brief encounters," Detective Banks testified at appellant's trial. "They don't last very long."

When appellant disregarded a stop sign at the exit of the apartment complex, Detective Banks conveyed what he had observed to Detectives Croyle and Huttenbrauck, who stopped the vehicle for the traffic violation. Appellant denied that he had disregarded a stop sign and gave conflicting accounts for the brief trip to the apartment complex.[1] Appellant also voluntarily produced from his pocket a knotted plastic baggie that, according to Detective Huttenbrauck, "looked like a corner baggie" that "would normally have drugs in it." Subsequent laboratory tests confirmed that this knotted plastic baggie contained cocaine residue.

In addition, Detective Croyle testified that a plastic bag could be seen inside the vehicle "in plain view" when another officer shined a flashlight toward the back seat of the vehicle. Detective Croyle testified that the plastic bag was not "tucked underneath the driver's seat or the back seat" of the vehicle, but was instead positioned on the floorboard directly behind the driver's seat. Inside this plastic bag were eleven smaller plastic baggies, each containing a solid, off-white substance. Subsequent laboratory tests on five of these plastic baggies confirmed that this substance was crack cocaine.

Furthermore, Detective Croyle searched Lewis during the traffic stop. Lewis was carrying two cell phones and a total of $229 in cash – in denominations of one $50 bill, seven $20 bills, two $10 bills, three $5 bills, and four $1 bills.

---

[1] Appellant first told Detective Huttenbrauck that he drove there to pick up Lewis. However, when the detective informed appellant that he was observed driving into the apartment complex with Lewis already inside the vehicle as his passenger, appellant then explained that he had driven Lewis there so that Lewis could visit his girlfriend.

Detective Davis, the Commonwealth's expert in the distribution of narcotics, opined that the cocaine recovered from the floorboard of the vehicle was not possessed for personal use. Although Detective Davis acknowledged that "not a lot of crack cocaine" was recovered from the plastic bag in the vehicle, he testified that he based his opinion on several other factors. Detective Davis noted that appellant and Lewis had just left an apartment complex known for drug transactions, that they had engaged in behavior at that location that was consistent with a brief drug transaction, that no smoking or ingestion devices were found in the vehicle or at the scene of the traffic stop, and that appellant denied being a drug user. Detective Davis also explained the significance of Lewis's two cell phones and $229 in cash, testifying that drug *dealers* tend to carry large amounts of cash and multiple cell phones (one for personal use and another for drug transactions). Detective Davis testified that drug *purchasers* do not tend to carry a lot of extra cash, for fear of being robbed by the drug dealer. Moreover, Detective Davis also testified that the packaging of the cocaine was a notable factor here. According to Detective Davis, the crack cocaine here would sell for $60 in a single transaction – but that dividing the crack cocaine into eleven smaller packages would produce $20 per sale, for a total gross of $220.

At the conclusion of all the evidence and oral argument, the trial court found appellant guilty of possession of cocaine with intent to distribute. The trial court referenced several circumstances, including the presence of the plastic bag with cocaine inside that was sitting "in plain view on the floorboard of the vehicle," appellant's "untruthful statements" to Detective Huttenbrauck, "the fact that there was cash and there were cell phones on the passenger," appellant's behavior, "the fact that [appellant] stated he doesn't use drugs," and "all the other circumstances added together and considering them in their totality establish the defendant's guilt and eliminate a reasonable hypothesis of innocence" in this case.

II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

A. CONSTRUCTIVE POSSESSION OF THE COCAINE WITH GUILTY KNOWLEDGE

To prove a defendant's possession of an illegal drug, the evidence must "'establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.'" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (quoting Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758 (1975)). "[P]ossession alone, without more, is insufficient to support an inference of guilty knowledge." Id. at 592, 659 S.E.2d at 311. The Supreme Court has explained that the guilty knowledge required to support a conviction for possessing an illegal drug

> may be shown by evidence of the acts, statements or conduct of the accused. Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the

- 4 -

substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it.

Young, 275 Va. at 713, 213 S.E.2d at 758. Furthermore, "the possession need not always be exclusive. The defendant may share it with one or more."[2] Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).

Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he had guilty knowledge of the cocaine recovered from the floorboard of the vehicle. Appellant contends that this case is controlled by this Court's decision in Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006), where the evidence of Coward's guilty knowledge of the cocaine at issue was insufficient as a matter of law. However, as we recently explained in Ervin v. Commonwealth, 57 Va. App. 495, 704 S.E.2d 135 (2011) (en banc), the decision in Coward simply reflects the settled principle that occupancy of a vehicle where illegal drugs are found and proximity to those drugs, "although factors to be considered among the totality of the circumstances, are insufficient *standing alone* to prove a defendant's guilty knowledge of illegal drugs." Id. at 506, 704 S.E.2d at 140. In other words, the evidence at Coward's trial was insufficient to prove guilty knowledge because it "did not establish any other facts or circumstances necessary to draw the legal conclusion that Coward was aware of the presence and character of the cocaine." Coward, 48 Va. App. at 659, 633 S.E.2d at 754; see Ervin, 57 Va. App. at 506, 704 S.E.2d at 140.

The decision in Coward is not controlling on the facts of this case because the evidence here pointed to more factors than appellant's mere occupancy of a vehicle where illegal drugs were found and his proximity to those illegal drugs. In Coward, the evidence did not foreclose the

---

[2] Consequently, case law recognizes that appellant and Lewis were able to exercise joint possession over the cocaine, provided that "'each ha[d] the power of control and intend[ed] to exercise control jointly.'" Smallwood v. Commonwealth, 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009) (quoting Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953)).

hypothesis of innocence that Coward was simply unaware of the illegal drugs in that case. First, the vehicle did not belong to Coward, who was a mere passenger. Second, the driver of the vehicle in Coward told the police that the vehicle belonged to his own mother and that he had been in possession of the vehicle all night. Third, there was no evidence of where the vehicle in Coward had been prior to the traffic stop. Fourth, Coward made no statements to the police that could have incriminated himself. Coward, 48 Va. App. at 655-56, 633 S.E.2d at 752-53. Coward is distinguishable because additional circumstances establishing appellant's guilty knowledge of the cocaine are present in this case that simply were not present in Coward.

Here, appellant and Lewis briefly went to an apartment complex known for drug transactions. While appellant remained in the vehicle, Lewis headed in the direction of an apartment and then returned to the vehicle in a hurry mere moments later. Detective Banks – who was conducting surveillance of the apartment complex precisely because it was known for drug transactions – testified that this behavior was consistent with most drug transactions, which tend to be brief in duration. Immediately upon exiting the parking lot of the apartment complex, appellant was stopped by Detectives Croyle and Huttenbrauck for disregarding a stop sign. During this traffic stop, appellant gave conflicting accounts to Detective Huttenbrauck about his and Lewis's presence at the apartment complex, which the trial court specifically found were "untruthful" statements by appellant. In addition, it is significant that Lewis possessed two cell phones and $229, given the Commonwealth's expert testimony that drug dealers tend to carry multiple cell phones and a rather large amount of cash. Moreover, appellant produced from his pocket a knotted plastic baggie that contained cocaine residue. Thus, appellant was in *actual* possession of cocaine.

All of these circumstances are considered *in addition* to the fact that a plastic bag containing eleven knotted plastic bags with crack cocaine inside was observed in plain view on the floorboard of the vehicle – directly behind the driver's seat. Based on the totality of these circumstances, a

rational factfinder certainly could have concluded that appellant constructively possessed the cocaine that was sitting on the floorboard of the vehicle -- with knowledge of the cocaine's nature and character.

### B. INTENT TO DISTRIBUTE

In order to support a conviction for possession of illegal drugs with intent to distribute under Code § 18.2-248, the evidence must prove beyond a reasonable doubt that the defendant possessed "the controlled substance contemporaneously with his intention to distribute that substance." Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477, 483 (2000) (en banc). This Court has explained:

> "Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Such evidence may include the quantity of drugs and cash possessed and whether appellant used drugs. See Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993). Possession of a large sum of money, especially in small denominations, and the absence of any paraphernalia suggestive of personal use, also are regularly recognized as factors indicating an intent to distribute. See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 748-49 (1978).

Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc). "Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 61 (2003).

Appellant argues that the Commonwealth's evidence failed to prove beyond a reasonable doubt that he intended to distribute the cocaine recovered from the vehicle that he was driving. Noting Detective Davis's acknowledgement that "not a lot of crack cocaine" was in evidence here, appellant relies heavily on the decision in Dukes v. Commonwealth, 227 Va. 119, 313 S.E.2d 382 (1984). In Dukes, the Supreme Court held that "possession of a small quantity creates an inference

that the drug was for the personal use of the defendant." Id. at 122, 313 S.E.2d at 383. However, the Supreme Court also explained that such an inference may be overcome by other circumstantial evidence, even though this inference of personal use was not actually overcome in Dukes. Id. at 122-23, 313 S.E.2d at 383-84.

In this case, "the accumulation of various facts and inferences, each mounting upon the others," proved beyond a reasonable doubt that appellant intended to distribute the cocaine that was recovered from the vehicle. Ervin, 57 Va. App. at 505, 704 S.E.2d at 140. The cocaine here was packaged for distribution, as Detective Davis, the Commonwealth's expert witness on the distribution of illegal drugs, explained. Detective Davis testified that the cocaine here could have sold for $60 in a single transaction, but instead was divided into eleven smaller packages that could have sold for $20 each – for a total of $220 – thereby maximizing profit. Detective Davis's explanation of the significance of how the cocaine here was packaged is a factor setting this case apart from Dukes, where "[t]he mode of packaging" of the drugs was "as consistent with possession for personal use" as it was with possession for distribution purposes. Dukes, 227 Va. at 123, 313 S.E.2d at 384.

The packaging of cocaine was not the only circumstance supporting the trial court's conclusion that appellant intended to distribute these illegal drugs. Additional circumstances present in the record here sufficiently "'preclude the inference that [the cocaine] was purchased in the packaged form for personal use rather than being held in that fashion for distribution.'" Servis, 6 Va. App. at 524, 371 S.E.2d at 165 (quoting Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987)). Appellant exercised dominion and control over the cocaine that was observed inside the vehicle, yet no smoking or ingestion devices were found and appellant denied being a drug user. Furthermore, appellant had just driven Lewis to an apartment complex known for drug transactions, and Detective Banks had observed behavior suggesting that Lewis engaged in

a drug transaction at one of the apartments. Although appellant contends that he and Lewis could have driven to the apartment complex for an innocent purpose, the trial court's finding that appellant gave conflicting, "untruthful" accounts for why they went to the apartment is further evidence refuting this hypothesis of innocence.[3]

In addition, Lewis possessed two cell phones and $229 in cash, which Detective Davis testified were two circumstances consistent with drug distribution. Although appellant claims that $229 is not a large amount of cash, we note that Lewis was carrying seven $20 bills – and Detective Davis testified that the individual packages of crack cocaine found inside the plastic bag recovered from the vehicle could sell for $20 apiece. Thus, the fact that Lewis possessed two cell phones and $229 in cash provided still more evidence supporting the trial court's finding that the cocaine recovered from the vehicle was possessed with intent to distribute. Furthermore, as noted *supra*, the Commonwealth need not prove that only appellant possessed the cocaine with intent to distribute as he and Lewis could, of course, jointly possess the cocaine under this fact scenario with a shared intent to distribute the drugs. See Dunn v. Commonwealth, 52 Va. App. 611, 621, 665 S.E.2d 868, 872 (2008) (en banc) (holding that the defendant aided and abetted the possession of illegal drugs with intent to distribute).

Based on all of these circumstances, which are viewed in the light most favorable to the Commonwealth (as the prevailing party below), a rational factfinder certainly could conclude that

---

[3] Appellant's witness at trial, Walter Stinedurf, testified that appellant was a temporary laborer for Stinedurf's contracting company and that appellant would often provide transportation for other laborers (although Stinedurf could not provide any specific dates for when appellant transported fellow laborers). Appellant claimed at trial that a fellow temporary laborer must have left the cocaine in the vehicle without appellant noticing. Of course, however, there is considerable case law finding that it is highly improbable that an individual is likely to leave something of value, like drugs, behind when exiting someone else's car. See, e.g., Powell v. Commonwealth, 27 Va. App. 173, 178, 497 S.E.2d 899, 901 (1998). Regardless, on appeal, we cannot conclude that the trial court's rejection of appellant's argued hypothesis of innocence as simply unreasonable was plainly wrong. See Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

appellant and Lewis shared an intent to distribute the cocaine that was recovered from the vehicle, which appellant was driving. See Dunn, 52 Va. App. at 621, 665 S.E.2d at 872. Therefore, the trial court did not err when it found that appellant possessed this cocaine with intent to distribute.

### III. CONCLUSION

The totality of the circumstances in this case supported the trial court's conclusion that appellant had guilty knowledge of the cocaine recovered from the vehicle he was driving and that appellant intended to distribute this cocaine. Thus, we certainly cannot say that no rational factfinder could have come to the same conclusion that the trial court reached here. Accordingly, for the foregoing reasons, we affirm appellant's conviction for possession of cocaine with intent to distribute.

Affirmed.