# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 22, 2008          Decided May 16, 2008

No. 05-3038

UNITED STATES OF AMERICA,
APPELLEE

v.

J. D. WHEELER, III,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00111-01)

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Michael T. Ambrosino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: RANDOLPH, TATEL and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: A jury convicted J.D. Wheeler, III of using, carrying, and possessing a firearm in violation of 18 U.S.C. § 924(c)(1). Wheeler has two grounds of appeal: the government's evidence was insufficient to support his conviction and the judge erroneously instructed the jury.

Viewed most favorably to the government, *United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002), the evidence showed as follows. Two officers of the Metropolitan Police Department pulled Wheeler over for making an illegal left turn. Before the officers approached the car, Wheeler handed a plastic bag to his passenger, Lanika Lewis, who stuffed it between the front seats. Officer Tyler went to the driver's side of the car while Officer Flemmings went to the passenger side. Officer Tyler told Wheeler why she stopped him and asked for his license and registration. Wheeler handed over his license, but he could not immediately produce his registration. After some delay, Lewis produced the registration from the glove compartment. There was conflicting testimony about whether Wheeler had to first unlock the glove compartment, but either way, it is undisputed that once it was open, Officer Flemmings saw a gun inside the glove compartment. After securing Wheeler and Lewis the officers searched the car and found 83 bags of a white, rock-like substance between the front seats. The substance tested positive for cocaine base. The gun in the glove compartment was a loaded, operable 9-millimeter semiautomatic. Wheeler was not the registered owner of the gun, nor was he licensed to carry a gun.

At trial, an expert witness testified that the appearance and packaging of the cocaine base indicated that it was crack cocaine, that its street value was $1,660, and that it was packaged for street-level distribution. He also testified that a handgun is the "number one" weapon of narcotics dealers for protecting themselves and their wares. A jury convicted

Wheeler of possession with intent to distribute cocaine base; possession of a firearm and ammunition by a felon; and using, carrying, and possessing a firearm in violation of 18 U.S.C. § 924(c)(1).

Wheeler claims the evidence was insufficient to support his conviction for violating § 924(c)(1). This section sets minimum sentences for "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The Supreme Court has held that "the phrase 'carries a firearm' . . . . applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment." *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998). The evidence supported a finding that Wheeler knowingly possessed and conveyed a firearm in the glove compartment. Expert testimony about why narcotics dealers carry handguns, together with the accessibility of the gun and its proximity to the large quantity of drugs, permitted the jury to find that Wheeler carried the gun "during and in relation to" his drug trafficking crime.

There was also sufficient evidence for a reasonable juror to find that Wheeler possessed a firearm in furtherance of a drug trafficking crime. That Wheeler possessed the gun is hardly open to dispute. Whether he possessed it in furtherance of his drug offense depended, as the district judge recognized before trial, on considerations such as "the type of drug activity conducted; accessibility of the firearm; type of firearm; whether the firearm is stolen; whether the possession of the firearm is legal or illegal; whether the firearm is loaded; the proximity of the firearm to the drugs or drug profits; and the time and circumstances under which the firearm is found." *Wahl*, 290 F.3d at 376. Wheeler illegally possessed a handgun while committing a drug offense, the evidence indicated he intended

to distribute the drugs, and the loaded gun was close to the drugs.  This was more than enough to enable a rational trier of fact to find that the government carried its burden of proving the "in furtherance of" element.

As to Wheeler's claim about an error in the jury instructions, our review is for plain error because he interposed no objection to the instructions.  At the beginning of the trial, the judge instructed the jury that "when guns are present in order to protect contraband, they may be deemed to be used in relation to the underlying felony."  The judge's final instructions on this point were nearly identical.  The instructions were erroneous. The Supreme Court held in *Bailey v. United States* that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime."  516 U.S. 137, 150 (1995).  By allowing the mere presence of a firearm to constitute use, the instructions ignored the requirement that the defendant actively employ the firearm.

Even so, the errors do not warrant setting aside Wheeler's conviction because they did not affect Wheeler's substantial rights.  *See Johnson v. United States*, 520 U.S. 461, 467 (1997). "[W]e have repeatedly found harmless error in section 924(c)(1) cases where, although the district court erroneously instructed as to 'using,' it properly instructed as to 'carrying,' and the circumstances indicated that the jury necessarily found that carrying had occurred."  *United States v. Johnson*, 216 F.3d 1162, 1167 (D.C. Cir. 2000); *see United States v. Green*, 254 F.3d 167, 170-71 (D.C. Cir. 2001).  Here, the jury necessarily concluded that Wheeler carried the gun.  It found that he was a felon in possession of a firearm and ammunition.  The only firearm in question was in the glove compartment.  And "the phrase 'carries a firearm' . . . . applies to a person who knowingly possesses and conveys firearms in a vehicle,

including in the locked glove compartment." *Muscarello*, 524 U.S. at 126-27; *see United States v. Perkins*, 161 F.3d 66, 70 (D.C. Cir. 1998). The erroneous instructions were therefore harmless.

*Affirmed.*