*524 ALSTON, J.,
with whom ELDER, HUMPHREYS, HALEY, and POWELL, JJ., join, dissenting.
Although I respect the scholarly analysis of the majority, I find the Commonwealth failed to present sufficient evidence to establish appellant’s possession of marijuana with knowledge of its nature and character. Accordingly, I would reverse appellant’s conviction without reaching the merits of his second argument. Thus, I respectfully dissent from the majority opinion.
Virginia’s jurisprudence is clear that the Commonwealth was required to prove both that appellant exercised dominion and control over the marijuana, as shown by his possession of the keys to the locked glove compartment, and that he was aware of the presence and character of the marijuana. It is the majority’s conclusion as to the latter factor with which I cannot agree, as the result reached by the majority in this regard is irreconcilable with controlling precedent, both new and old.
As the majority notes, supra at 504-05, 704 S.E.2d at 139-40 (citing Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008)), to sustain a conviction for possession of marijuana, “[t]he Commonwealth was required to prove that [appellant] ‘intentionally and consciously possessed’ the [marijuana], either actually or constructively, with knowledge of its nature and character.” Wilkins v. Commonwealth, 18 Va.App. 293, 298, 443 S.E.2d 440, 444 (1994) (quoting Josephs v. Commonwealth, 10 Va.App. 87, 99, 390 S.E.2d 491, 497 (1990) (en bane)). Here, the parties agree that our analysis is guided by principles of constructive possession. Constructive possession “can be shown by ‘acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control.’ ” Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (emphasis added) (quoting Williams v. Commonwealth, 42 Va.App. 723, 735, 594 *525 S.E.2d 305, 311 (2004) (internal brackets and citation omitted in original)).
The majority concedes that “mere occupancy and proximity, although factors to be considered among the totality of the circumstances, are insufficient standing alone to prove a defendant’s guilty knowledge of illegal drugs.” Supra at 506, 704 S.E.2d at 140 (citing Coward v. Commonwealth, 48 Va. App. 653, 658, 633 S.E.2d 752, 754 (2006)); accord Maxwell v. Commonwealth, 275 Va. 437, 444, 657 S.E.2d 499, 503 (2008) (“[W]hile proximity is a factor to be considered along with other evidence, mere proximity [to marijuana] is not sufficient to prove possession.” (citation omitted)); Code § 18.2-250(A) (“[O]wnership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance.” (emphasis added)). Indeed,
in order for ownership or occupancy of property or of a vehicle to be sufficient to support the inference that the owner or occupant also possessed contraband that was located on the property or in the vehicle, the owner or occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such ownership or occupancy.
Burchette v. Commonwealth, 15 Va.App. 432, 435, 425 S.E.2d 81, 83-84 (1992) (emphasis added) (citing Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 770-71 (1974)). Actual or constructive possession alone is not sufficient to prove that the drug possession was knowing and intentional. Young, 275 Va. at 591, 659 S.E.2d at 310.
While “occupancy of a vehicle ... where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the occupant ... exercised dominion and control over items in the vehicle[,]” it is “insufficient to prove knowing possession of drugs.”
Coward, 48 Va.App. at 658, 633 S.E.2d at 754 (quoting Burchette, 15 Va.App. at 435, 425 S.E.2d at 83) (alterations in Coward) (emphasis omitted).
*526 In Coward, this Court reversed the defendant’s conviction for possession of cocaine because the Commonwealth failed to present sufficient evidence that Coward was aware of the nature and character of the cocaine, located in the passenger console and immediately visible to the police officer who approached the vehicle in which Coward was a passenger. Id. at 660, 633 S.E.2d at 755. White, the driver of the car, told the officer that the car belonged to White’s mother, but that he had been using the car “all evening” and no one else had driven or used the vehicle that night. Id. at 656, 633 S.E.2d at 753. Still, this Court held the Commonwealth did not establish any facts or circumstances, other than Coward’s occupancy of the car and proximity to the cocaine, “necessary to draw the legal conclusion that Coward was aware of the presence and character of the cocaine,” despite the fact that the cocaine was in plain sight upon the passenger console of the vehicle. Id. at 659, 633 S.E.2d at 754. This Court noted that “Coward did not attempt to hide the baggie containing the cocaine as the officer approached the car nor did he exhibit any other signs of guilty knowledge.” Id. at 659-60, 633 S.E.2d at 754. Thus, the Commonwealth did not meet its burden of proof beyond a reasonable doubt. Id. at 659, 633 S.E.2d at 754.
I suggest the facts of the instant case are analogous to those in Coward and therefore cannot accept the majority’s conclusion. The majority concludes that Coward is distinguishable from the instant case, because the evidence at trial presented other indicia of appellant’s knowledge of the presence and character of the marijuana in the glove compartment, in addition to appellant’s occupancy of the vehicle and proximity to the marijuana. Supra at 506-07, 704 S.E.2d at 140-41. The five additional circumstances on which the majority opinion relies include: the odor of burnt marijuana; appellant’s possession of the keys that unlocked the glove compartment; appellant’s apparent reluctance to access the vehicle’s glove compartment; the “abandonment” of the drugs in the vehicle; and appellant’s “equivocation” in his statement regarding knowledge of the smell of marijuana. I respectfully disagree with the majority’s portrayal of each of these facts and the legal significance the majority awards to them.
*527 1. The Odor of Burnt Marijuana
First, the majority places great emphasis on the smell of marijuana emanating from the vehicle. The evidence established that when the officers approached the driver’s side of the vehicle, they smelled a strong odor of marijuana coming from the car. As the majority notes, the trial judge interpreted the evidence as suggesting the odor was that of marijuana that had been smoked, i.e. burnt marijuana. Supra at 507-08, 704 S.E.2d at 141. The trial court stated, “Either [appellant] had been smoking [marijuana] or he had recently just had someone in the car who was smoking it.” There was no evidence that the odor detected by the officers was coming from appellant’s person, that appellant appeared intoxicated, that appellant showed any physical signs of having recently used marijuana, or that appellant possessed any drugs or drug paraphernalia on his person. Moreover, no matches, smoking devices, or remnants of previously smoked marijuana were apparently found in the car.
The record does not show that the odor was that of fresh marijuana, which might indicate that appellant had at least reason to suspect the vehicle contained fresh marijuana.[17] The majority dismisses the importance of the distinction between the smell of fresh marijuana and the smell of burnt marijuana by noting simply that “viewing all the evidence in the light most favorable to the Commonwealth ... the trial court’s finding that appellant had guilty knowledge of the marijuana in the glove compartment is strengthened by the trial court’s finding concerning the marijuana odor.” Supra at *528 508, 704 S.E.2d at 141. However, the majority gives no reason why the trial court could reasonably infer, based on the smell of burnt marijuana, that appellant was aware of fresh marijuana in the glove compartment. Evidence of the smell of burnt marijuana simply does not provide a nexus from which the trial court could conclude appellant knew of the fresh marijuana in the glove compartment.
In support of its holding, the majority notes that in Young, the Supreme Court explained that a “drug’s distinctive odor” may be circumstantial evidence that can support a finding that the defendant knew of the nature and character of the substance in his possession. 275 Va. at 591, 659 S.E.2d at 310. In making this statement in Young, the Supreme Court referenced Josephs, 10 Va.App. 87, 390 S.E.2d 491, in which the defendant was convicted of possession of marijuana with intent to distribute, based in part on the strong odor of marijuana, readily apparent when the vehicle’s trunk was opened. 10 Va.App. at 100, 390 S.E.2d at 498. However, in Josephs, the evidence established that Josephs was in a rental car traveling from Florida to New York, id. at 100-01, 390 S.E.2d at 498, Josephs’ luggage was in the trunk next to 130 pounds of marijuana, id. at 101-02, 390 S.E.2d at 499, and when questioned about the marijuana, Josephs “[sjaid she didn’t know about the drugs. [First] time I’ve driven with that stuff.” Id. at 100, 390 S.E.2d at 498. Thus, while a drug’s distinctive odor may be circumstantial evidence that can support a finding that the defendant knew of the nature and character of the substance in his possession, the Court in Young did not suggest this factor was dispositive. In fact, the Young Court explicitly stated, *529 Young, 275 Va. at 592, 659 S.E.2d at 810-11 (emphasis added). Most significantly, in the Josephs case, the defendant by her own statement conceded that she was aware of the substance as she acknowledged that it was the first time she had “driven with that stuff.” Josephs, 10 Va.App. at 100, 390 S.E.2d at 498.[18] I respectfully disagree with the majority’s conclusion that Josephs supports the proposition that “[t]he strong and distinctive odor of the drug provided a significant indication to *530 anyone inside (or even near) the vehicle that marijuana was located within the vehicle” in this case. Supra at 507, 704 S.E.2d at 141. In Josephs, the smell emanating from the trunk of the car was apparently that of fresh marijuana, the same form of marijuana found in the trunk. In contrast, in the case at bar, the smell of burnt marijuana in the vehicle provided no indication that fresh marijuana could also be found in the car.
*528 In Josephs, there was ample circumstantial evidence to support the trial court’s conclusion that the defendant was aware of the nature and character of the drugs that she jointly possessed, and it was unnecessary for the Court of Appeals to rely on an inference of guilty knowledge based on possession alone.... Countless scenarios can be envisioned in which controlled substances may be found in the possession of a person who is entirely unaware of their nature and character.
*530 The majority also relies upon the trial court’s finding that the officers smelled marijuana that had been recently smoked by appellant or someone in the car with him and that appellant had taken possession of the vehicle approximately two hours before the traffic stop. Supra at 508-09, 704 S.E.2d at 141-42. Even if the trial court was entitled to conclude, based on the officers’ testimony about the strength of the smell of the marijuana, that it had been “recently” smoked,[19] this does not necessarily support the holding that appellant was aware of the character and nature of the marijuana in the glove com *531 partment. Appellant took possession of the vehicle only two hours before the traffic stop. Marijuana could have been smoked in the car hours before appellant took possession of the vehicle and still resulted in a strong odor of marijuana suggesting it was “recently” smoked in the car.
The majority’s emphasis on the odor of marijuana is counter to the language of Young suggesting that of the distinctive odor of a drug is not, by itself, sufficient circumstantial evidence to establish a defendant’s knowledge of the character and presence of the drug. Although the majority cites additional factors that purportedly constitute circumstantial evidence of appellant’s knowledge of the presence and character of the marijuana, their primary reliance on the odor of the drug in the car effectively affirms the conviction of appellant on the basis of possession of the odor of marijuana.[20] Even more problematically, the smell of burnt marijuana is simply not indicative of the presence of fresh marijuana. Thus, the presence of the distinctive odor of burnt marijuana is not sufficient to establish appellant’s knowledge of the fresh marijuana in the glove compartment.
2. Appellant’s Sole Possession of the Vehicle and His
Possession of the Key to the Glove Compartment Next, the majority notes that appellant was the sole person with means to access the glove compartment containing the *532 marijuana. Supra at 509-10, 704 S.E.2d at 142. While this establishes appellant’s dominion and control over the vehicle and the items located therein, see Wright v. Commonwealth, 53 Va.App. 266, 274, 670 S.E.2d 772, 776 (2009); Bell v. Commonwealth, 21 Va.App. 693, 698-99, 467 S.E.2d 289, 291-92 (1996), this fact does not prove appellant’s knowledge about the nature and character of those items, see Young, 275 Va. at 591, 659 S.E.2d at 310. In this case, the key that unlocked the glove compartment was the same key that was necessary to operate the vehicle. Put simply, the fact that appellant possessed that key does not logically lead to the inference, beyond a reasonable doubt, that appellant knew the glove compartment’s contents.
3. Appellant’s “Reluctance” to Access the Glove Compartment
Further, the majority notes that appellant did not attempt to produce the vehicle’s registration and cites this failure as evidence that appellant was aware of the marijuana in the glove compartment. Supra at 513-15, 704 S.E.2d at 144-45. However, there is no evidence to suggest appellant refused to produce the registration or that he refused to look in the vehicle’s glove compartment. Rather, appellant’s testimony, corroborated by the arresting officers, was that when the officers approached the vehicle, appellant explained that he did not have the vehicle’s registration because the car did not belong to him. Notably, the officers asked appellant for “his driver’s license and registration,” rather than simply “the registration” for the vehicle. Thus, appellant’s statement that the vehicle did not belong to him was responsive to the officers’ request; appellant was simply anticipating the officers’ reason for requesting the registration and advising the officers that the registration would show he was not the owner of the vehicle.
Despite the majority’s reliance on South Dakota v. Opperman, 428 U.S. 364, 372, 96 S.Ct. 3092, 3098, 49 L.Ed.2d 1000 (1976), supra at 514-15, 704 S.E.2d at 144-45, Opperman is not instructive under the circumstances of this case. There, the Supreme Court, in a Fourth Amendment analysis discussing the validity of an inventory search, noted that “standard inventories often include an examination of the glove compart *533 ment, since it is a customary place for documents of ownership and registration, as well as a place for the temporary storage of valuables.” Id. (citation omitted). Likewise, the majority cites cases in which the facts established only that the defendant accessed the vehicle’s glove compartment to produce the vehicle’s registration. Hill v. Commonwealth, 52 Va.App. 313, 317, 663 S.E.2d 133, 135 (2008); Williams, 42 Va.App. at 728, 594 S.E.2d at 308; Commonwealth v. Thomas, 23 Va.App. 598, 603, 478 S.E.2d 715, 717 (1996); United States v. Wheeler, 525 F.3d 1254, 1255 (D.C.Cir.2008); Coombs v. Maine, 202 F.3d 14, 15 (1st Cir.2000); United States v. Schiavo, 29 F.3d 6, 8 (1st Cir.1994); United States v. Reese, 561 F.2d 894, 897 (1st Cir.1975); Scott v. United States, 369 F.2d 183, 184 (4th Cir.1966). With all due respect, these cases do not provide a basis for the majority’s reliance on appellant’s failure to access the glove compartment as evidence of his guilty knowledge.
The majority contends that it is not interpreting Opperman to create a legal duty for motorists to access a vehicle’s glove compartment when officers request vehicle registration; instead, the majority states it is simply giving the benefit of reasonable inferences to the Commonwealth. Supra at 515 n. 13, 704 S.E.2d at 145 n. 13. However, in application, if a motorist wishes to avoid being found to have knowledge of the contents of a vehicle’s glove box, he is compelled by the majority’s decision to check the glove box for the vehicle’s registration when requested.
Although appellant did not access the glove compartment here, there was no prevailing legal justification for the trial court to infer that he had knowledge of the glove compartment’s contents. Where a fact “is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.” Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (internal quotation omitted). In fact, the Commonwealth presented no evidence to suggest appellant made any motion toward the glove compartment as police stopped the vehicle, or that appellant engaged in any other behavior that would indicate *534 he knew there were drugs in the locked glove compartment.[21] There was no evidence that appellant appeared nervous, and in fact, the officers testified that appellant was entirely cooperative throughout the stop. I cannot reach the conclusion that these facts somehow support appellant’s culpability in this instance.
4. “Abandonment” of Valuable Contraband
The majority also notes, “ ‘drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area.’ ” Supra at 517, 704 S.E.2d at 146 (quoting Ward v. Commonwealth, 47 Va.App. 733, 753 n. 4, 627 S.E.2d 520, 530 n. 4 (2006)); accord Brown v. Commonwealth, 15 Va.App. 1, 9, 421 S.E.2d 877, 883 (1992) (en banc). However, in the instant case, there is no indication that the marijuana was “abandoned or carelessly left.” On the contrary, the fact that the drugs were secured in a locked glove compartment could suggest the drugs’ owner attempted to secure and hide the marijuana from the view of others. Thus, this factor does not support a finding that appellant knew the nature and character of the marijuana found in the car.
5. Appellant’s “Self-Serving” Testimony
Finally, the majority relies upon appellant’s “equivocal” testimony that he would not recognize the smell of marijuana. *535 Supra at 516, 704 S.E.2d at 145. At trial, appellant testified as follows regarding his knowledge of the smell of marijuana:
Q: You’re familiar with the smell of marijuana?
A: Maybe.
Q: ‘Tes” or “no”? What’s maybe mean?
A: That sometimes, I mean—
Q: Sometimes when you smell marijuana, you know it’s marijuana?
A: No, not really. Usually you can smell like — no, not really. I’m not even going to claim that. Not really.
The majority characterizes these statements as “appellant’s equivocal testimony that perhaps he could, and then that he could not, recognize the smell of marijuana” and states that the trial court was entitled to consider appellant’s dishonesty as affirmative evidence of guilt. Supra at 515-17, 704 S.E.2d at 145-46.
However, appellant’s initial statement that he may be familiar with the smell of marijuana followed by the statement “No, not really” does not amount to a change in statements, first suggesting that he is familiar with the smell of marijuana and then stating that he is not. “Maybe” is defined as both “perhaps” and “uncertainty.” Merriam-Webster’s Collegiate Dictionary 767 (Frederick C. Mish et al. eds., 11th ed.2005). Thus, appellant’s initial answer could have conveyed appellant’s uncertainty about his own knowledge of the smell of marijuana, not a statement that “perhaps he could” recognize the smell of marijuana. Although appellant’s testimony is capable of two interpretations, again, “where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.” Corbett, 210 Va. at 307, 171 S.E.2d at 253 (alteration in original) (internal quotation omitted).
Furthermore, even assuming the trial judge correctly determined appellant was familiar with the smell of marijuana based on appellant’s equivocal testimony, there was no evidence presented by the Commonwealth suggesting appellant’s *536 familiarity with that smell proved that he had smoked marijuana in the vehicle, or knew the vehicle contained fresh marijuana at the time he occupied the vehicle.
Any inference that the trial court can draw from appellant’s testimony on this issue is also not dispositive in determining appellant’s knowledge of the presence and character of the marijuana. While this matter was pending in this Court, the Supreme Court of Virginia issued its decision in Cordon v. Commonwealth, 280 Va. 691, 701 S.E.2d 803 (2010). The holding in Cordon is not only instructive to our analysis; it is, in my view, controlling.
A review of the salient facts and circumstances in Cordon is helpful to the analysis in this case. In Cordon, the defendant was charged with possession of cocaine after police found a cooler containing two bags of powder cocaine, numerous baggies, and drug paraphernalia in a bedroom the defendant had previously identified as “his” bedroom in a house owned by the defendant’s uncle. Id. at 693, 701 S.E.2d at 804. In addition to the cooler, the police also found “some checks and some papers and stuff’ containing the defendant’s name. Id. They also found a business card of a police officer in the bedroom. Id. at 693, 701 S.E.2d at 805. The police officer whose card was found had given his card to appellant two days prior to the search. Id. When police officers interviewed the defendant and told him what they had found in the bedroom, the defendant denied living at the house and terminated the conversation. Id. at 694, 701 S.E.2d at 805.
In reversing Cordon’s conviction of possession with intent to distribute cocaine, the Supreme Court of Virginia held that the Commonwealth failed to present evidence sufficient to show that the defendant “knew that cocaine was in the cooler in the bedroom and that it was subject to his domain and control.” Id. at 696, 701 S.E.2d at 806. The Court found that “[t]here was no evidence of ownership of the cooler, a very portable item, and no evidence placed [the defendant] at the house at any time between the day he received [the police officer’s] business card and the day the search warrant was executed.” *537 Id. Although the Court recognized that “if a defendant’s denial of circumstances relating to an illegal act is inconsistent with previous statements or facts, it is fair to infer that such denial was for the purposes of concealing guilt,” id. at 695, 701 S.E.2d at 805, it held that that inference combined with the other evidence in the case was insufficient to support appellant’s conviction, id. at 696, 701 S.E.2d at 806.
Similarly, in the case at bar, even if the trial court was entitled to infer from appellant’s supposed denial that he recognized the smell of marijuana and that appellant was lying to conceal his guilt,[22] that inference combined with the other evidence in this case is insufficient to support a finding that appellant knew of the nature and character of the marijuana in the locked glove compartment of his girlfriend’s car. There was no evidence of ownership of the baggies of marijuana, an item as portable as the cooler in Cordon. Furthermore, although appellant was in the car at the time the marijuana was found, as discussed above, appellant’s mere proximity to the marijuana is insufficient to establish his knowledge of the drugs.[23]
*538 In addition, just as in Cordon, other factors indicative of guilty knowledge found in Rawls v. Commonwealth, 272 Va. 334, 634 S.E.2d 697 (2006), and Lane v. Commonwealth, 223 Va. 713, 292 S.E.2d 358 (1982), are absent in this case. In Cordon, the Court noted that in both Rawls and Lane, “the inference of guilt based on the defendant’s denial and its tendency to show knowledge and control of the contraband was accompanied by significant evidence connecting the defendant to the contraband.” 280 Va. at 696, 701 S.E.2d at 806. In Rawls, in addition to the defendant’s denial, the evidence showed the contraband, in that case, a firearm, was found in a bedroom identified as the defendant’s by the testimony of other residents in the house, the defendant’s presence in the room, asleep, immediately before officers found the firearm, and the presence of articles of the defendant’s clothing in the room. 272 Va. at 341-42, 634 S.E.2d at 700. In Lane, in addition to the defendant’s denial, the evidence showed that the contraband, in that case, methaqualone pills, was found in a bag behind a chair in which the defendant was sitting, 223 Va. at 716, 292 S.E.2d at 359-60, the defendant owned and occupied the dwelling in which the drugs were found, id. at 715, 292 S.E.2d at 359, and the defendant “became ‘fidgetive’ ” when an officer approached the chair in which she was sitting, id. at 716, 292 S.E.2d at 359.
In contrast, similar factors connecting appellant to the marijuana found in the glove compartment in the car are not *539 present in this case. Although appellant was in the car, he was not the owner of the car. Personal items belonging to appellant were not found in the glove compartment with the marijuana. Appellant made no furtive gestures suggesting he was aware of the presence of the marijuana. Other factors cited by the majority in support of appellant’s conviction, including the odor of marijuana, appellant’s possession of the ignition key that also unlocked the glove compartment, appellant’s failure to look in the glove compartment for the registration, and the “abandonment” of the marijuana are all similarly unpersuasive for the reasons discussed above. As in Cordon, “[wjhile the circumstantial evidence in this case may be sufficient to raise a suspicion of guilt, it cannot support a conclusion beyond a reasonable doubt, by a rational trier of fact,” 280 Va. at 696, 701 S.E.2d at 806, that appellant knew the marijuana was in the car.
It is the appellate court’s “duty to look to' that evidence which tends to support the verdict.” Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). However, the presumption of innocence cannot be overborne except by proof of appellant’s guilt beyond a reasonable doubt. Miller v. Commonwealth, 181 Va. 906, 907, 27 S.E.2d 57, 57 (1943). If the Commonwealth fails to prove any fact necessary to support an element of the offense, then the evidence is insufficient as a matter of law to support the conviction. See Maxwell, 275 Va. at 441-44, 657 S.E.2d at 502-03.
“Proof of constructive possession necessarily rests on circumstantial evidence; thus, ‘all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.’ ” Burchette, 15 Va.App. at 434, 425 S.E.2d at 83 (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)); accord Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983); see also Young, 275 Va. at 592, 659 S.E.2d at 311. Circumstantial evidence which creates only a “ ‘[suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a conviction.’ ” Finney v. Commonwealth, 277 Va. 83, 88, 671 S.E.2d 169, 172 *540 (2009) (quoting Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991)). Even if it were probable from these facts that appellant was aware of the nature and character of the marijuana, “probability of guilt is insufficient to warrant a criminal conviction.” Burchette, 15 Va.App. at 438, 425 S.E.2d at 86 (citing Crisman v. Commonwealth, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955)).
Suspicious circumstances “no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.” [Crisman, 197 Va. at 21, 87 S.E.2d at 799] (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)). Suspicious circumstances alone are not sufficient to prove knowing possession of a controlled substance.
Id. at 438-39, 425 S.E.2d at 86.
Given the facts of this case, I would conclude the evidence is at best in equipoise. “If, after [the court resolves all conflicts in the evidence], the evidence of guilt or innocence remains anywhere near equipoise — that is, the facts are ‘equally susceptible to two or more constructions’ — then reasonable doubt exists as a matter of law.” Haskins, 44 Va.App. at 9, 602 S.E.2d at 406 (quoting Feigley v. Commonwealth, 16 Va.App. 717, 724, 432 S.E.2d 520, 525 (1993)). Further, I do not find the record contains any of the other necessary facts or circumstances to support a finding of guilt. In this case, it is equally likely that someone else used marijuana in the car or used marijuana prior to getting in the car, at some time prior to the traffic stop. This is especially true given Killabrew’s testimony that she lent the car to several people on a regular basis.[24] *541 Because Killabrew either did not or could not fall on the sword of criminal responsibility in this matter does not require that appellant must therefore assume criminal responsibility.
Appellant’s circumstances present in no uncertain terms a reasonable hypothesis of innocence. In fact, the learned trial judge recognized this reasonable hypothesis of innocence when, in weighing the evidence, he conjectured, “either [appellant] had been smoking [the marijuana] or he had recently just had somebody in the car who was smoking it, or at least that’s the conclusion that the Court can draw from this evidence.” When we assess the sufficiency of the evidence as a matter of law, we must remain cognizant of the factual determinations made by the trial court. This does not end the significant legal inquiry this Court must make in light of the trial court’s factual determinations. In my view, the majority’s reasoned efforts to support its conclusion that appellant was criminally culpable do not address both of the two critical inquiries necessary to resolve these circumstances. These separate inquiries involve this Court’s responsibility not only to accept the factual determinations of the trial court but also to evaluate these factual determinations to ensure that they support a conviction as a matter of law. Interestingly, assessing this case from the perspective of merely deferring to the factual determinations of the trial court without making the proper legal assessment is precisely the debate between the majority and the dissent in Cordon. I respectfully suggest that it could not be concluded beyond a reasonable doubt that the evidence in this case was sufficient to prove appellant had knowledge of the nature and character of the marijuana.
Controlling authority mandates that to convict appellant, there must have been acts, statements, or conduct by appellant, or other facts or circumstances that, as a matter of law, tend to show he was aware of both the presence and character *542 of the substance and that it was subject to his dominion and control. Haskins, 44 Va.App. at 6, 602 S.E.2d at 404; Williams, 42 Va.App. at 735, 594 S.E.2d at 311. Given the very limited circumstantial evidence presented herein, appellant’s actions simply do not qualify as culpable criminal behavior under our jurisprudence. The evidence to support the Commonwealth’s theory of constructive possession is, in my view, simply lacking in this case, and I respectfully disagree with the majority’s determination that there was sufficient evidence based on this record to find appellant guilty beyond a reasonable doubt.
Thus, I would conclude that as a matter of law, the evidence is insufficient to find appellant guilty of possession of marijuana. For the foregoing reasons, I cannot join in the majority’s conclusion, and I respectfully dissent from its holding.

. The majority notes, "It is axiomatic that burnt marijuana must originate as unburnt marijuana." Supra at 509 n. 8, 704 S.E.2d at 142 n. 8. While that may be true, the Commonwealth had the burden to prove appellant was aware of this particular marijuana. The existence of an odor does not necessarily establish who is responsible for the odor. In any event, the constructive possession of marijuana odor is not a crime in our Commonwealth. I cannot conclude that the Commonwealth met the burden of proof in this case by establishing that the vehicle smelled like burnt marijuana.

. The majority states that the use of Josephs' statement
was actually a significant factor in the Supreme Court’s decision in Young to partially overrule this Court’s opinion in Josephs — to the extent that Josephs had held that bare possession of a controlled drug (which Josephs had conceded in her statement to the arresting officer after the marijuana was discovered) gave rise to an inference of guilty knowledge of the drug.
Supra at 507 n. 6, 704 S.E.2d at 141 n. 6. While the majority is correct that Josephs was overruled in part by Young, 275 Va. at 592, 659 S.E.2d at 310, it was not on the basis that the Court of Appeals had erred in considering Josephs' statement to the police.
First, the majority’s characterization of Josephs' statement as one merely conceding possession of the marijuana, supra at 507-08 n. 6, 704 S.E.2d at 141 n. 6, is incorrect. The Court of Appeals did not interpret Josephs’ statement as simply conceding possession of the marijuana, or rely upon it in determining that Josephs had possession of the marijuana, as the majority argues. Id. Rather, the Court in Josephs interpreted the statement as an acknowledgement that "she knew that the marijuana was in the trunk, although this was the first time she had driven with it.” Josephs, 10 Va.App. at 100, 390 S.E.2d at 498 (emphasis added). The Josephs Court specifically analyzed the significance of Josephs' statement in its consideration of the question of "whether there was sufficient evidence in the record to establish that Josephs had knowledge of the presence of the marijuana in the .trunk,” id. (emphasis added), not in its analysis of whether Josephs “possessed” the marijuana.
Second, Young did not overrule Josephs in part because the Court of Appeals in Josephs relied on Josephs' statement to reach its conclusion. The Young Court recited the significant relevant circumstances existent in Josephs, including the quantity and location of the marijuana, the strong odor of marijuana, and Josephs' statement. Young, 275 Va. at 591, 659 S.E.2d at 310. The Court in Young then stated
The Court of Appeals held that statement to be a proper basis for the trial court’s conclusion that the defendant knew the marijuana was present in the trunk.
In Josephs, there was ample circumstantial evidence to support the trial court’s conclusion that the defendant was aware of the nature and character of the drugs that she jointly possessed, and it was unnecessary for the Court of Appeals to rely on an inference of guilty knowledge based on possession alone. We do not agree with the *530 Court of Appeals' statement in Josephs that "[pjossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character,” insofar as that statement can be read to imply that bare possession, without more, may furnish proof, beyond a reasonable doubt, of the essential element of guilty knowledge.
Id. at 591-92, 659 S.E.2d at 310 (internal citations omitted) (alterations in original).
Thus, Josephs’ statement to the police was part of the "ample circumstantial evidence” cited by the Supreme Court of Virginia in Young justifying the Court of Appeals’ decision to uphold Josephs’ conviction, and not the basis for overruling Josephs. Young overruled Josephs insofar as Josephs held that possession of a controlled substance alone creates an inference of guilty knowledge, not because the Court of Appeals considered Josephs’ statement in determining that Josephs had knowledge of the marijuana in the trunk.
Finally, the Court’s discussion of Josephs in Young did not focus upon "the odoriferous contents of the trunk” alone, as the majority claims, supra at 507-08 n. 6, 704 S.E.2d at 141 n. 6. The Court listed the odor of marijuana, which was apparently that of fresh marijuana, the same form of marijuana found in the trunk of the car, among other factors proving Josephs’ knowledge of the marijuana. Young, 275 Va. at 591— 92, 659 S.E.2d at 310-11.

. I note that there was no evidence in the record concerning the length of time that the smell of marijuana would linger after it is smoked, nor that appellant’s person or clothing smelled of marijuana, that appellant was intoxicated, or that any matches, smoking devices, or remnants of previously smoked marijuana were found in the car. *531 Furthermore, the majority states that "the fact that the Ziploc bags of unbumt marijuana did not contain the same number of baggie corners (ten in one and thirteen in the other) supports the trial court’s inference that someone had recently smoked this marijuana inside the vehicle.” Supra at 509 n. 8, 703 S.E.2d at 142 n. 8. The difference in the number of Ziploc baggies does not suggest that marijuana had been smoked in the vehicle at all, let alone recently smoked in the vehicle. The majority’s statement on this point rests upon an assumption that each Ziploc bag began with an equal number of baggie corners, a fact we have no reason to assume.

. The majority’s emphasis that the odor of burnt marijuana is “not the sole or dispositive factor establishing appellant’s guilty knowledge” but rather one of many circumstances leading "irresistibly” to the conclusion of guilt in this case, supra at 509 n. 9, 704 S.E.2d at 142 n. 9, loses its appeal when considering the analytical limitations of the remaining factors relied on by the majority, as discussed below.

. The majority states,
The officers asked appellant for his driver’s license and for the vehicle’s registration. Appellant gave the officers his driver’s license, which was suspended, but did not produce any registration. The record does not indicate that appellant ever attempted to look for the registration (or help the officers locate it), but instead he simply told the officers that the vehicle was not his.
Supra at 500, 704 S.E.2d at 137. The testimony by Officer O’Brien was that when the officer asked for appellant’s registration, appellant stated that it wasn’t his vehicle. The officer's testimony does not imply appellant was asked to access the glove compartment, that appellant had any opportunity to do so, or that appellant refused to access the glove compartment. If anything, appellant was simply informing the officer that the registration would indicate he did not own the car.

. The trial court found that "either [appellant] had been smoking [the marijuana] or he had recently just had somebody in the car who was smoking it...." Based on that statement, the trial court, at best, implied it disbelieved appellant’s testimony that he did not know the smell of marijuana. However, as the majority acknowledges, it never explicitly stated that it found, as a matter of fact, that appellant was lying to conceal his guilt.

. The majority seeks to distinguish Cordon on the grounds that the defendant in that case was not in the residence when the cooler containing the cocaine was discovered. Supra at 511-12, 704 S.E.2d at 143. This difference, however, is insufficient to distinguish Cordon from the present case, as it elevates proximity to a controlled substance or occupancy of premises on which a controlled substance is found beyond what is appropriate under the law. See Maxwell, 275 Va. at 444, 657 S.E.2d at 503 (“[W]hile proximity is a factor to be considered along with other evidence, mere proximity [to marijuana] is not sufficient to prove possession.” (citation omitted)); Code § 18.2-250(A) ("[O]wnership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance.” (emphasis added)).
*538 The majority also attempts to distinguish Cordon by implying that the Commonwealth's case in the case at bar is stronger than that in Cordon because the "written statement pointing to Cordon's maintenance of a separate residence, along with other circumstances that are distinguishable from this case, supported Cordon’s hypothesis of innocence,” supra at 519 n. 16, 704 S.E.2d at 147 n. 16, unlike the evidence in this case. This implicit theoretical evidentiary obligation imposed upon the appellant shifts the burden of proof placed upon the Commonwealth in a criminal case, as it is "[t]he burden of proof upon the state in a criminal case," to prove " ‘beyond a reasonable doubt ... every fact necessary to constitute the crime with which [the defendant] is charged,' ” Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003) (emphasis added) (quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)), not the defendant’s *539 burden to prove, beyond a reasonable doubt, facts suggesting his innocence.

. As the majority points out, the trial court relied on Killabrew’s testimony, which was offered only for purposes of the suppression motion, in reaching its verdict, and appellant failed to object. However, Killabrew's testimony merely corroborates appellant's account of the events. Killabrew testified that this was her secondary vehicle and that she “lent it out to [her] brother and [her] sister ... for them to run errands and to go places if they wanted to.” Interestingly, the majority *541 cites no authority for the proposition suggesting that to exculpate appellant it was somehow incumbent upon Killabrew to admit that the marijuana found in the glove compartment was hers. The evidence is simply that somebody had, at some unidentified time, smoked marijuana in the car.