COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia


JOSEPH ANDRE MOORE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2107-14-1                      JUDGE TERESA M. CHAFIN
                                                    NOVEMBER 24, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Jean Veness, Assistant Public Defender, for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


At the conclusion of a bench trial held in the Circuit Court of the City of Suffolk, Joseph

Andre Moore was convicted of felony possession of cocaine in violation of Code § 18.2-250 and

misdemeanor possession of marijuana in violation of Code § 18.2-250.1.[1] On appeal, Moore

argues that that the evidence presented by the Commonwealth failed to establish that he

constructively possessed the drugs. For the reasons that follow, we agree and reverse his

convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing order for the felony offense contains an apparent scrivener's error. The order states that Moore was convicted of possession of cocaine with the intent to distribute in violation of Code § 18.2-248, but the record clearly indicates that he was convicted of the lesser-included offense of simple possession.

Additionally, we note that Moore also pled guilty to petit larceny in violation of Code § 18.2-96. Moore's petit larceny conviction is not the subject of this appeal.

## I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence established that Moore and Brandon Suggs visited a department store in Suffolk on February 22, 2013.  Officer A. Patton of the Suffolk Police Department was at the store that day, and he watched Moore and Suggs through a closed-circuit surveillance system in the loss prevention office of the store.

Patton observed Moore take items of clothing into a fitting room.  When Moore came out of the fitting room, Patton noticed that he was not holding any merchandise and that he appeared to be wearing two pairs of shorts.  Moore left the store without paying for any merchandise and got into the passenger seat of a car.  Suggs got into the driver's seat of the car, and the two men left the parking lot of the store.  They were the only occupants of the vehicle.

Patton left the store, got in his patrol vehicle, and followed the car driven by Suggs.  While Patton was following the vehicle, neither Suggs nor Moore made any movements towards the floorboard or passenger seat of the car.  Eventually, Patton stopped the car.  After confirming that Suggs's sister was the registered owner of the car, Patton asked Suggs and Moore if they had recently left the department store.  They both responded affirmatively.  Patton then asked Moore if he had taken any items from the store without purchasing them.  Moore again answered affirmatively, retrieved a pair of shorts from the backseat of the car, handed them to Patton, and apologized for taking the shorts from the store.  Patton asked Moore to step out the car, and he subsequently arrested him for petit larceny.

Following Moore's arrest, Suggs consented to Patton's request to search the car.  While conducting the search, Patton found two large plastic bags under the passenger seat of the car

where Moore had been sitting. One bag contained 15.9 grams (0.56 ounce) of a green leafy substance that was later determined to be marijuana. The other bag held two or three smaller plastic bags that each contained a white powdery substance that was later determined to be cocaine. Collectively, the bags held 1.3 grams of cocaine. Neither Suggs nor Moore made any movements toward the area where Patton found the drugs or otherwise attempted to distract him or prevent him from looking under the passenger seat while he was searching the car.

Moore was charged with possession of the drugs that Patton found beneath the passenger seat of the car, and he testified in his own behalf at his trial. Moore testified that he had never been in the car before February 22, 2013, and that he was "just getting a ride" on that day. Furthermore, Moore testified that he did not know that the drugs were under the passenger seat. While he admitted that he was a convicted felon and that he and Suggs had stolen merchandise from the department store on the day in question, he expressly disclaimed any knowledge or ownership of the drugs found under his seat.

The circuit court did not believe Moore's testimony. Noting Moore's prior felony convictions and his larcenous conduct at the department store, the circuit court concluded that Moore was "not necessarily to be accorded . . . the benefit of truthfulness." The circuit court then inferred that Moore had taken off the shorts that he had stolen from the store in the car, and from that inference, the circuit court concluded that Moore had engaged in furtive movements in the car. Placing emphasis on the fact that the drugs were found in close proximity to Moore, the circuit court convicted Moore of possessing the marijuana and cocaine found in the car. This appeal followed.

## II. ANALYSIS

Moore argues that the evidence presented by the Commonwealth was insufficient to prove that he possessed the marijuana and cocaine found under his seat. When considering the

sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 662, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). We do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"[I]n drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)). When a conviction is based on circumstantial evidence, however, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 400 (2009) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). "[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his [or her] conviction." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

- 4 -

When we examine the evidence of the present case under our established standard of review, we conclude that it was insufficient to support Moore's convictions. While Moore was in close proximity to the drugs found under his seat, the evidence did not establish that he was aware of their presence.

"In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." Ervin v. Commonwealth, 57 Va. App. 495, 504, 704 S.E.2d 135, 139 (2011) (*en banc*) (quoting Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008)). The possession of a controlled substance by an individual may be either actual or constructive.

> To support a conviction based upon constructive possession, the Commonwealth "must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his [or her] dominion and control."

Coward v. Commonwealth, 48 Va. App. 653, 657, 633 S.E.2d 752, 753 (2006) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

An individual's occupancy of a vehicle in which controlled substances are found is a relevant circumstance that may be considered along with other evidence in determining whether that individual constructively possessed controlled substances found in the vehicle. See, e.g., Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). "Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that . . . the person necessarily knows of the presence, nature and character of a substance that is found [close to them]." Id. Mere occupancy and proximity standing alone, however, are insufficient to prove an individual's guilty knowledge of

- 5 -

contraband.  See id.; see also Code §§ 18.2-250 and 18.2-250.1 (the ownership or occupancy of the premises or vehicle upon or in which drugs are found does not create a presumption that an owner or occupant either knowingly or intentionally possessed the drugs).

In Coward, this Court determined that the evidence was insufficient to support an appellant's conviction of possession of cocaine under facts similar to those of the present case. The appellant in Coward was the front seat passenger of a car driven by a friend.  Coward, 48 Va. App. at 656, 633 S.E.2d at 753.  The car was owned by the friend's mother.  Id.  A police officer stopped the car at night for an equipment violation, and he saw a clear plastic bag containing a "hard white substance" sitting on top of the center console of the car when he shined a flashlight through the driver's window.  Id.  The substance in the bag was later determined to be 0.991 gram of crack cocaine.  Id.  Neither the appellant nor his friend "made any suspicious movements or tried to hide the cocaine as [the officer] approached the car."  Id.

This Court reversed the appellant's conviction, holding that the appellant's "occupancy of the car and his resulting proximity to the drugs . . . [were] insufficient by themselves to support the conviction."  Id. at 658, 633 S.E.2d at 754.  This Court emphasized that the appellant did not attempt to hide the bag of cocaine as the officer approached the car or "exhibit any other signs of guilty knowledge," and explained that there was no evidence in the record indicating that the bag of cocaine would have been visible to the appellant in the darkness of the unilluminated passenger compartment of the car.  Id. at 659-60, 633 S.E.2d at 754-55.  In light of those circumstances, this Court concluded that the Commonwealth had failed to establish any additional facts beyond the appellant's occupancy of the car and his proximity to the cocaine that would have allowed the trial court to infer that the appellant was aware of the presence and character of the drug.  Id. at 659, 633 S.E.2d at 754; see also Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994) (reaching the same conclusion based on similar facts).

- 6 -

In Ervin, police officers stopped a car for a traffic violation. Ervin, 57 Va. App. at 499, 704 S.E.2d at 137. The officers did not observe the appellant, the driver and sole occupant of the vehicle, engage in any furtive movements either before or during the stop. Id. at 500, 704 S.E.2d at 137. As the officers approached the car, however, they smelled a strong odor of marijuana. Id. The appellant told the officers that the car belonged to someone else, and he did not attempt to retrieve the registration of the vehicle when the officers asked him to do so. Id. The officers arrested the appellant after they determined that his driver's license was suspended, and they found marijuana locked in the glove compartment of the car when they searched the vehicle following the arrest. Id. The appellant was convicted of possession of marijuana with intent to distribute. Id. at 501, 704 S.E.2d at 138.

This Court affirmed the appellant's conviction based on the totality of the circumstances, id. at 506, 704 S.E.2d at 140, and assigned particular emphasis to the strong odor of marijuana in the vehicle, reasoning that "[t]he strong and distinctive odor of the drug provided a significant indication to anyone inside (or even near) the vehicle that marijuana was located within the vehicle," id. at 507, 704 S.E.2d at 141. This Court concluded that the trial court rejected the appellant's "equivocal and ultimately self-serving testimony that he would not recognize the smell of marijuana" and that the trial court could interpret the appellant's untruthful testimony as affirmative evidence of his guilt. Id. at 516, 704 S.E.2d at 145. This Court also noted that the appellant was in sole possession of the car when the marijuana was found, that he possessed the key to the locked glove compartment where the marijuana was stored, and that he did not attempt to retrieve the registration of the car from the glove compartment when the police asked for it. See id. at 511-15, 704 S.E.2d at 142-45.

In the present case, Moore was a passenger in a car that was owned and driven by another individual. Furthermore, like the drugs in Coward and Ervin, the cocaine and marijuana in the

present case were hidden from Moore's view. The drugs were found underneath Moore's seat, and the record is devoid of any evidence suggesting that Moore could actually see the plastic bags containing the substances. Officer Patton testified that neither Moore nor Suggs made any movements towards the floor of the car or underneath Moore's seat when he followed the car in his patrol vehicle or when he actually searched the car. Moore also did not make any incriminating statements linking himself to the drugs under his seat.

Additionally, unlike in Ervin, the record here provides no evidence that the car contained an odor of marijuana or an odor associated with the smoking of marijuana or cocaine that could have alerted Moore to the presence of the drugs. Likewise, the record does not suggest that either Moore or Suggs appeared to be under the influence of any drug. Due to the absence of any drug odor or other behavior linking Moore to the drugs, the present case is more similar to Coward than Ervin.

Despite the similarity of the present case and Coward, the Commonwealth contends that Moore engaged in conduct that sufficiently established his knowledge of the drugs found under his seat. At trial, the Commonwealth argued that the circuit court could infer that Moore made suspicious movements in the car when he took off the shorts that he stole from the department store. The circuit court agreed with this contention, and concluded that the evidence implied that Moore engaged in furtive movements. Additionally, the Commonwealth contends that Moore attempted to distract Patton's attention from the drugs under his seat when he admitted that he had stolen the shorts from the department store and handed those shorts to the officer.[2]

_____

[2] The circuit court did not expressly address this evidence when it convicted Moore of the charged offenses or make a specific factual finding that Moore attempted to divert the officer's attention from the drugs in the car.

Both of the Commonwealth's arguments are misplaced. While the circuit court concluded that Moore must have taken off the shorts that he stole from the store in the car and made furtive movements as he did so, this conclusion was not supported by the evidence presented at trial. At most, the circuit court could infer that Moore removed the stolen shorts after he got in the vehicle. Even if Moore did so, however, no evidence in the record implied that he engaged in any other movements, furtive or otherwise. Patton, the only witness that observed Moore in the car, testified that he did not observe Moore make *any* movements in the car as he followed the vehicle.

Furthermore, assuming that Moore actually took off the stolen shorts while he was in the car, the movements that he made when he did so could only have been deemed evasive or furtive in relation to his petit larceny offense. Moore's actions, if evasive or furtive at all, were linked to the theft of the shorts and were not related to the drugs under his seat. Although Moore may have removed the shorts to avoid being caught in physical possession of stolen merchandise, no evidence in the record implied that he hid drugs under the seat of the car at the same time that he took off the shorts. Moore retrieved the shorts from the backseat of the car, and the drugs were found under the front passenger seat. While the circuit court may have inferred that Moore removed the stolen shorts in the car, it could only speculate as to whether he placed the drugs in question under the seat of the vehicle during that process -- or even as to whether he placed the drugs under the seat at any other point during the time he was in the car.

The Commonwealth cites Castaneda v. Commonwealth, 7 Va. App. 574, 376 S.E.2d 82 (1989) (*en banc*), to support its argument that Moore attempted to divert Patton's attention from the drugs in the car. In Castaneda, police officers suspected that an appellant was transporting drugs through Virginia. Id. at 578, 376 S.E.2d at 84. When the officers stopped the car driven by the appellant, the appellant immediately got out of the car, opened its trunk, and started

- 9 -

emptying the contents of a travel bag. Id. The appellant engaged in this course of conduct without being asked to do so by the police. Id. A package containing two pounds of cocaine was later found under a seat in the passenger compartment of the car. Id. This Court concluded that the appellant's actions could be inferred as an attempt to draw the police officers' attention away from the package in the car containing drugs and that such conduct demonstrated the appellant's knowledge of the location of the drugs. Id. at 583, 376 S.E.2d at 87.

The present case is distinguished from Castaneda by the absence of any unsolicited, unilateral action from Moore. Although Moore handed the shorts to Patton, he only did so after the officer asked him whether he stole anything from the department store. Unlike the appellant in Castaneda, Moore did not attempt to draw Patton's attention away from the drugs in the car by immediately leaving the vehicle or handing the shorts to him. Moore only handed the shorts to Patton in response to his inquiry about the possible theft of merchandise.

Moore's actions could reasonably be construed under the circumstances of the present case as an attempt to comply with Patton's investigation of the shoplifting offense. As Moore handed the shorts to Patton in response to his questions, his actions cannot be construed as an effort to divert Patton's attention away from the drugs or to imply that Moore knew that the drugs were under his seat.

We acknowledge that in the present case the circuit court expressly concluded that Moore was not a credible witness. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Elliott v. Commonwealth, 277 Va. 457, 462, 675 S.E.2d 178, 181 (2009). In deference to the circuit court's credibility determination, we disregard Moore's testimony on appeal. Even when we do so, however, we cannot conclude that the Commonwealth's evidence supported Moore's convictions.

As a "general principle of evidence law[,] . . . the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt." Ervin, 57 Va. App. at 516, 704 S.E.2d at 145 (quoting Haskins, 44 Va. App. at 11 n.3, 602 S.E.2d at 407 n.3). Accordingly, in constructive possession cases, a factfinder's conclusion that an accused was lying to conceal his or her guilt may provide additional evidence supporting the accused's conviction. See, e.g., id. at 515-17, 704 S.E.2d at 145-46. Generally, however, a conviction for the constructive possession of contraband must be supported by significant evidence linking the accused to the contraband beyond the accused's prevarications concerning a material fact of the case. See Cordon v. Commonwealth, 280 Va. 691, 698, 701 S.E.2d 803, 806 (2010) (reversing a conviction of constructive possession of cocaine when the evidence did not sufficiently link the appellant to the drug despite the trial court's conclusion that appellant lied to conceal his guilt); see also Rawls v. Commonwealth, 272 Va. 334, 350-51, 634 S.E.2d 697, 705 (2006); Lane v. Commonwealth, 223 Va. 713, 716-17, 292 S.E.2d 358, 360 (1982); Ervin, 57 Va. App. at 520-21, 704 S.E.2d at 147-48 (each affirming constructive possession convictions based on credibility determinations and additional evidence of guilt).

While the circuit court concluded that Moore's testimony was incredible, no considerable evidence beyond Moore's mere proximity to the drugs and his occupancy of the vehicle in which they were found linked him to the contraband. Moore made no incriminating statements or movements indicating that he was aware of the presence of the drugs under the seat. The drugs were not in plain view, but rather were concealed from Moore's sight under the seat of a car owned by another person and driven by yet another person. Although the circuit court concluded that Moore made furtive movements, this finding was not supported by the evidence in relation to the drugs. Furthermore, the conduct that the Commonwealth contends constituted an attempt

by Moore to divert Officer Patton's attention from the drugs could reasonably be construed as an attempt by Moore to comply with the officer's larceny investigation.

For these reasons, we conclude that the evidence was insufficient to support Moore's convictions.  The evidence did not establish that he was aware of the drugs found underneath his seat.  Accordingly, under <u>Coward</u> and <u>Cordon</u> and other binding precedent, we must reverse and dismiss Moore's convictions.

<u>Reversed and dismissed.</u>